IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JUSTIN AARON VILLARREAL                                              PLAINTIFF
ADC #181531

V.                           NO. 2:25-cv-00030-BSM-ERE

PATRICIA ROBINSON, *et al*.                                          DEFENDANTS

## ORDER

*Pro se* plaintiff Justin Aaron Villarreal, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Villarreal's complaint alleges that: (1) Defendants Lieutenant Patricia Robinson, Sergeant Anterio Matthews, and Corporal DeAndre Wilson violated ADC policy and procedure by removing cups and bowls from his cell and denying him the opportunity to engage in outdoor recreation; (2) Defendants Robinson, Matthews, and Wilson turned off the water to Mr. Villarreal's cell for two weeks; (3) Defendants Robinson, Matthews, and Wilson refused to provide jumpsuits to inmates in restrictive housing; (4) Defendants Robinson, Matthew, and Wilson denied him the opportunity to shower for several days and denied him outdoor recreation; (5) Defendant Sergeant Demetrick Robinson used excessive force against him on one occasion; (6) Defendant Sergeant Fredrick Gilbert physically threatened him and sexually harassed him; and (7) Defendant Patricia Robinson and Wilson have refused to process his grievances. He sues these Defendants in their individual

capacities only seeking money damages and injunctive relief.

This Order identifies the problems in Mr. Villarreal's original complaint and gives him an opportunity to file an amended complaint correcting those problems.[1]

## II. Problems with Complaint

### A. Related Claims

In his complaint, Mr. Villarreal identifies seven proposed claims about alleged unconstitutional conduct. His claims appear to involve conduct by different ADC prison officials that took place at different times. The law prevents Mr. Villareal from bringing multiple claims that are factually and legally unrelated in a single lawsuit. See FED. R. CIV. P. 20(a)(2) (multiple defendants may be joined in one lawsuit only if the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences," and involve "any question of law or fact common to all defendants").

Mr. Villarreal's proposed claims appear to be unrelated such that it would be inappropriate to combine them in a single lawsuit. In his amended complaint, Mr.

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Villarreal will need to pick the claim he wants to pursue in this case. If he can't decide which claim to pick, the Court may pick a single related claim for him.[2]

## B. Violation of ADC Policy and Procedure

Mr. Villarreal's complaint alleges that Defendants Robinson, Matthews, and Wilson violated ADC policy and procedure by denying him bowls and cups, as well as outdoor recreation. However, the law is settled that failing to follow prison policies or procedures alone is not conduct that rises to the level of a constitutional claim. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)). As a result, Mr. Villarreal may not pursue a civil rights claim based solely on the allegation that prison officials violated ADC policies or procedures.

## C. Conditions of Confinement

If Mr. Villarreal decides to move forward with one of his proposed conditions of confinement claims, he should provide more factual information about the basis for the claim. For example, he should include information about how long he was exposed to any alleged unconstitutional condition, how was he harmed as a result, specific information about what each Defendant did or failed to do that violated his

---

[2] Mr. Villarreal may pursue his other claims by filing one or more new lawsuits.

constitutional rights, and any facts indicating that a named Defendant intended to cause him harm.[3]

### D. Interference with ADC Grievance Procedure

Mr. Villarreal alleges that ADC officers failed to properly process his grievances. However, the law is settled that an inmate does not have a constitutional right to an inmate grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); and *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). As a result, Mr. Villarreal's allegations related to prison officials' alleged interference with the grievance process, standing alone, are not actionable under section 1983.

### E. Personal Involvement – Defendant Joseph Mahoney

Mr. Villarreal's original complaint fails to allege how Defendant Mahoney personally participated in any alleged unconstitutional conduct or had direct responsibility for any alleged constitutional violation. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). As stated, Mr.

---

[3] To move forward on an inhumane conditions of confinement claim, Mr. Villarreal must allege facts which, taken as true, support a reasonable inference that he suffered a serious deprivation of "the minimal civilized measure of life's necessities" and the "offending conduct [was] wanton." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels v. Vincenz*, 382, F.3d 870, 875 (8th Cir. 2004) (citations and quotation marks omitted).

Villarreal has failed to state a plausible constitutional claim against Defendant Mahoney.

F. **Injunctive Relief – Individual Capacity Claims**

Mr. Villarreal requests that the Court order ADC to follow their own policy and procedures. However, Mr. Villarreal cannot recover injunctive relief against Defendants in their individual capacities.[4]

II. **Guidelines for Filing Amended Complaint**

Mr. Villarreal has thirty days to file an amended complaint. If filed, the amended complaint should: (1) include only related claims; (2) identify and name as Defendants the individuals who allegedly violated his constitutional rights; (3) explain how each Defendant personally violated his constitutional rights; (4) describe how he was harmed or injured as a result of each Defendant's alleged

---

[4] See *Strutton v. Hacker*, 2025 WL 26682, at *5 (E.D. Mo. Jan. 3, 2025) ("Although the Court has found no Eighth Circuit cases addressing the issue of whether the plaintiff in a § 1983 case can obtain injunctive relief from a defendant in his or her individual capacity, cases from other courts [support that position]" (citing *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief."); *Greenawalt v. Ind. Dep't of Corr.*, 397 F.3d 587, 589 (7th Cir. 2005) ("[S]ection 1983 does not permit injunctive relief against state officials sued in their individual as distinct from their official capacity."); *Cmty. Mental Health Servs. of Belmont v. Mental Health & Recovery Bd. Serving Belmont, Harrison & Monroe Ctys.*, 150 F. App'x 389, 401 (6th Cir. 2005) ("Just as a plaintiff cannot sue a defendant in his official capacity for money damages, a plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the official's job, i.e., his official capacity.")).

unconstitutional conduct; and (5) clarify in what capacity he sues each Defendant, official capacity, individual capacity, or both.

Mr. Villarreal's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Villarreal should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit. Also, Mr. Villarreal should not rely upon, or incorporate by reference, any allegations made in the original complaint. In other words, Mr. Villarreal's amended complaint, if filed, will stand alone.

Finally, in the amended complaint, Mr. Villareal need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this early stage, there is no need to identify witnesses or to describe evidence that Mr. Villarreal's may rely on later to prove the claims raised in this lawsuit.

IT IS THEREFORE ORDERED THAT:

1.     Mr. Villarreal may file an amended complaint within thirty (30) days of the entry of this Order.

2. If Mr. Villarreal fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of some of his claims.

3. The Clerk is instructed to provide Mr. Villarreal a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

SO ORDERED 18 February 2025.

_____
UNITED STATES MAGISTRATE JUDGE